UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

FAISAL ALI,

Defendant.

---

21-CR-613 (RMB)

DECISION & ORDER
Granting re-sentencing

## I. Background

On February 22, 2022, Faisal Ali was sentenced to a 46-month term of imprisonment after pleading guilty on October 22, 2021 to one count of "conspiracy to commit money laundering" in violation of 18 U.S.C. § 1956(h).[1] *See* Judgment, dated Feb. 22, 2022, at 1 (ECF No. 36). His guidelines range was 46–57 months' incarceration, based on an offense level of 23 and a criminal history category of I. *See* Presentence Investigation Report, dated Dec. 15, 2021, at 15 (ECF No 33). On August 28, 2023, Defendant moved *pro se* for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 821 to the United States Sentencing Guidelines. *See* Def.'s Mot., dated August 28, 2023, at 1 (ECF No. 51).

Amendment 821 went into effect on November 1, 2023 and was made retroactive by the U.S. Sentencing Commission. *See* U.S.S.G. § 1B1.10(d). Amendment 821 provides for

---

[1] Mr. Ali engaged in a criminal enterprise that conducted online "romance scams . . . to trick the victims into transferring hundreds of thousands of dollars to bank accounts." Supplemental Presentence Report ¶ 9–10 (ECF No. 53). Mr. Ali was an "integral member of the conspiracy for close to six years." Gov't Letter, dated Jan. 10, 2022, at 3 (ECF No. 32). His participation in the criminal conspiracy included "open[ing] and maintain[ing] at least thirteen bank accounts . . . that he used to launder fraud proceeds . . . from a variety of victims, who were disproportionately elderly individuals . . . ." *Id.*

1

resentencing and a two-level decrease in the Offense Level where (1) a defendant did not receive any criminal history points at the original sentencing and (2) defendant's offense did not include any of the (nine) exclusionary criteria listed in Section 4C1.1(a), such as the use of violence, possession of a firearm, an act of terrorism, or any of six other specific categories. *See* U.S.S.G. § 4C1.1(a)(1)–(10).

The Government and the Probation Office **agree** with the defense that Mr. Ali is eligible for a sentence reduction under U.S.S.G. § 4C1.1. *See* Gov't Letter, dated Jan. 5, 2024, at 1 (ECF No. 56). Among other things, Mr. Ali had zero criminal history points at sentencing and his offense did not include any of the behaviors specified above and at U.S.S.G. § 4C1.1(a)(1)–(10). His Guidelines Range, therefore, becomes 37–46 months, based upon an amended offense level of 21 and a criminal history category of I. The defense seeks a sentence of 37 months incarceration. *See* Def.'s Letter, dated Jan. 26, 2024, at 2 (ECF No. 59). The Government does not object to a sentence if it is within the amended Guidelines Range of 37–46 months. *See* Gov't Letter, dated Jan. 5, 2024, at 3 (ECF No. 56). The Government requested that the Court provide an opportunity for any victim(s) of the defendant's crime(s) to be heard in accordance with the Crime Victims' Rights Act. *See* Gov't Letter, dated Jan. 5, 2024, at 3 (ECF No. 56) (citing 18 U.S.C. § 3771(a)(4)).

On February 2, 2024, the Court advised the parties that a re-sentencing hearing would be held on February 13, 2024, **or**, "if both parties agree, [the Court would instead rule] on the papers on or after February 9, 2024." (ECF No. 64). In a joint submission, dated February 5, 2024, the parties agreed to proceed with Mr. Ali's resentencing "on the papers" and that the Government "would provide the Court with any statements it receives from victims before February 9, 2024." Def.'s Letter, dated Feb. 5, 2024, at 1 (ECF No. 64).

## II. Re-Sentencing is Granted

Based upon the record herein, including the Defendant's motion, dated August 28, 2023, the parties' various submissions, dated January 5, 2024 (the Government's submission) and January 26, 2024 (Defendant's supplemental submission), and the Supplemental Presentence Report, dated November 15, 2023, the Court finds that Mr. Ali is entitled to a sentence reduction under Amendment 821 of the United States Sentencing Guidelines. *See* U.S.S.G. § 4C1.1(a).

### Section 3553(a) Factors

The Court also finds, upon the submissions and having analyzed the factors under 18 U.S.C. § 3553(a), that Defendant Ali's sentence should be reduced from 46 months to 42 months of incarceration. The Court has considered the § 3553(a) factors, including (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to (a) reflect the seriousness of the offense, (b) afford adequate deterrence from criminal conduct, (c) protect the public from further crimes of the defendant, and (d) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established in the Sentencing Guidelines; (5) policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among similarly situation defendants; and (7) the need, in appropriate cases, to provide restitution. *See also* U.S.S.G. § 1B1.10 app. Note 1(B)(i), (ii).

Mr. Ali's crime of conspiracy was serious. It included using "the name and identity of another person to open at least 13 bank accounts." Approximately $1.9 million in fraud proceeds were obtained from more than ten victims over six years. "[T]he defendant withdrew, transported, and laundered those proceeds to other members of this scheme." Sent'g Tr. 4:22-5:3, 7:8-9. "The

3

defendant not only facilitated defrauding multiple victims of millions of dollars, but stole the identity of an unwitting victim in order to perpetrate his scheme." Gov't Letter, dated Jan. 10, 2022, at 4 (ECF No. 32).

By email dated February 9, 2024, the Government notified the Court that "it has not received any victim statements in connection with the defendant's re-sentencing."

The § 3553(a) factors clearly support a 42-month term of incarceration upon resentencing. *See* 18 U.S.C. § 3553(a)(1)(A), (B).

### III. Conclusion and Order

For the reasons stated above, the Court resentences the Defendant's term of imprisonment to 42 months of incarceration, effective immediately. The other components of Ali's original sentence are unchanged.

*RMB*
_____
Richard M. Berman
United States District Judge

Dated: February 9, 2024
New York, New York